## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FOUNDATION FITNESS, LLC, *et al.*, | ) | Case No. 24-80513 |
| | ) | |
| Debtors. | ) | Hon. Thomas L. Saladino |

### OBJECTION TO APPLICATION TO EMPLOY NUNC PRO TUNC

POWERbahn, LLC ("POWERbahn"), by and through counsel, hereby objects to the Application to Employ Nunc Pro Tunc (the "Application") (Docket No. 48) filed by the Debtors. In support of this objection, POWERbahn states as follows:

### RELEVANT FACTS

1. POWERbahn's is a creditor in these jointly administered cases based on the Debtor's infringement of POWERbahn's patents. There is pending patent infringement litigation in the United States District Court for the Northern District of Georgia, Case No. 1:17-cv-02965 (the "Georgia Action").

2. The Debtors initiated these bankruptcy cases on June 22, 2024, (the "Petition Date"). The Debtors' filings indicate approximately $32 million in secured debt and a proposed sale of all Debtors' assets (including Chapter 5 avoidance actions) with a stalking horse willing to bid $20 million. This leaves a significant gap and suggests a likelihood that these cases are administratively insolvent.

3. In the instant motion, the Debtors seek to hire William Hergenhan ("Hergenhan") "as a consultant" as his services are necessary "to ensure continuity." (Docket No. 48 at ¶ 4, 5.)

**ARGUMENT**

**Hergenhan is not "disinterested" within the meaning of 11 U.S.C. § 101(14) and is thus statutorily barred from appointment under 11 U.S.C. § 327(a).**

4. Subject to the court's approval, a professional person may only be hired if that person "do[es] not hold or represent an interest adverse to the estates, and . . . [is a] disinterested person." 11 U.S.C. § 327(a). Hergenhan, for the reasons below, is not a disinterested person and thus is ineligible for the appointment sought in the Application.

5. Hergenhan fails to satisfy the statutory requirements of disinterestedness on two accounts.

6. First, to be disinterested, a person cannot be "a creditor, an equity security holder, or an insider." 11 U.S.C. § 101(14)(A). As of the Petition Date, the Debtors, however, owe Hergenhan approximately $10,000. (See Docket No. 48 at ¶ 6.) Hergenhan's "right to payment" constitutes a claim within the broad definition the Bankruptcy Code provides. 11 U.S.C. § 101(5)(A). Accordingly, by virtue of his pre-petition claim against the Debtors' estate, Hergenhan is a creditor, see 11 U.S.C. § 101(10)(A), thereby making him not disinterested. Indeed, he may also qualify as an insider. See 11 U.S.C. § 101(31). Affirmation of such status, however, likely requires further review and discovery. As such, certainly as a creditor and potentially as an insider, Hergenhan is ineligible for appointment under 11 U.S.C. § 327(a).

7. Second, employment as a director, officer, or employee of a debtor within two years of that debtor's bankruptcy petition similarly precludes "disinterested" status. 11 U.S.C. § 101(14)(B). Hergenhan has worked at Foundation Fitness since 2010. (Docket Nos. 48 at ¶ 2, 49 at ¶ 4.) He has most recently served as its Chief Financial Officer. (Docket Nos. 48 at ¶ 2, 49 at ¶ 1.) Accordingly, as both employee and officer, Hergenhan is not disinterested and thus statutorily barred from appointment under 11 U.S.C. 327(a).

**The Debtors' administrative insolvency makes their proposed payment to Hergenhan unlikely and threatens estate assets for distribution to other creditors.**

8. The Debtors' requested payment to Hergenhan is as financially unlikely as it is dangerous to the Debtors' creditors. The proposed sale of substantially all these Debtors' assets is simply a veiled foreclosure that will leave the Debtors' estates administratively insolvent. The Debtor proposes a fire sale of all its assets. A potential buyer has mere weeks to organize and fund the minimum $21.5 million bid. (See Bidding Procedures at II.c.) Such an expedited timeframe renders the involvement of a potential buyer almost impossible, let alone a competitive market. See In re Gulf Coast Oil Corp., 404 B.R. 407, 424 (Bankr. S.D. Tex. 2009) ("The principal justification for § 363(b) sales is that aggressive marketing in an active market assures that the estate will receive maximum benefit. Established public auction markets provide the best assurance of full value at any given time."); In re Pro. Veterinary Prod., Ltd, No. 10-82436, 2011 WL 13496910, *3 (Bankr. D. Neb. Jan. 24, 2011) (supporting additional time in Debtors' budget allowing them "to market their remaining . . . assets in orderly fashion in an attempt to maximize their value.").

9. Approximately $32 million is owed to the Debtors' putative secured creditor. (See Schedule D.) The Stalking Horse Bid is $20 million. Unless there is significant bidding for these assets—unlikely under the Debtors' proposal—the estate will be well over $12 million administratively insolvent. Accordingly, it is unclear from what estate resources the Debtors will draw to finance the "monthly rate of $20,000," (Docket No. 48 at ¶ 4), the Debtors propose to pay Hergenhan for his consulting services. Such a payment can only deepen the existent insolvency of the Debtors' estate.

10. Though the source of that payment is unlikely, the effect of the Debtors' proposed payment is certain: leaving nothing whatsoever for unsecured creditors. Though the Debtors'

Application may enable the payment of Hergenhan, <u>see</u> 11 U.S.C. § 503(b)(1)(A), it shifts the cost of that payment onto its unsecured creditors.  The Sale Motion basically guarantees administrative insolvency and thus renders any recovery unsecured creditors unlikely.  What the Sale Motion makes unlikely, the Application cements as certain.  Hergenhan's employment is both statutorily invalid and threatens to sink the Debtors' estate into even deeper insolvency.

**There is no continuity to be ensured by Hergenhan's employment or otherwise.**

11. Enlisting Hergenhan's financial consulting "services to ensure continuity", (Docket No. 48 at ¶ 5), is a sham justification for an employment which is both statutorily invalid and which threatens to exacerbate the Debtors' insolvency.  What continuity can exist for a company in bankruptcy when an auction of substantially all of its assets is scheduled to occur in less than a month is unclear. (Docket Number 32 at 6-8.)  Hergenhan's employment cannot ensure continuity because there is no continuity than be ensured.

12. Though such a justification is feeble, it is not benign.  The Sale Motion itself renders continued insolvency likely, and the Application both guarantees and worsens existent insolvency.  If ongoing, worsening insolvency is the continuity to which the Application refers, Hergenhan's employment will certainly ensure it—at the cost of the Debtors' estate and their unsecured creditors.

WHEREFORE, POWERbahn respectfully requests that the Court:

1. Deny the Application; and

2. Grant such other and further relief as is just and appropriate.

DATED: July 12, 2024

        Respectfully submitted,

        */s/ Patrick R. Turner*
        TURNER LEGAL GROUP, LLC
        Patrick Turner (NE Bar No. 24361)
        14707 California Street, #1
        Omaha, Nebraska 68154
        Telephone: (402) 690-3675
        pturner@turnerlegalomaha.com

        AND

        */s/Austin McMullen*
        Austin McMullen (No. 20877)
        Bradley Arant Boult Cummings LLP
        1221 Broadway, Suite 2400
        Nashville, TN 37203
        Telephone: (615) 252-2307
        Fax: (615) 252-6307
        E-mail: amcmullen@bradley.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 12th day of July, 2024, a copy of the foregoing is being forwarded through the Court's CM/ECF electronic filing system to all parties consenting to such service in this case and by email to the following:

| | |
|---|---|
| Patrick M. Patino<br>Patino Law Office LLC<br>1901 Howard Street, Suite 311<br>Omaha, Nebraska 68132<br>patrick@highfivelegal.com | Amy Blackburn<br>United States Trustee<br>Roman L. Hruska U.S. Courthouse<br>111 S. 18th Plaza, Ste. 1148<br>Omaha, NE 68102<br>amy.b.blackburn@usdoj.gov |

        /s/ Austin L. McMullen
        Austin L. McMullen