## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| FOUNDATION FITNESS, LLC, et al.,[1] | § | Case No. 24-80513 |
| | § | |
| Debtors. | § | Chapter 11 |
| | § | Jointly Administered |
| | § | |

## MOTION FOR PROTECTIVE ORDER TO QUASH OR LIMIT THE COMMITTEE'S RULE 2004 SUBPOENA TO UNION BANK AND TRUST COMPANY

James P. Liggett and Scott Liggett hereby move, pursuant to Federal Rules of Civil Procedure 26(c) and/or 45(3)(A), made applicable to contested matters pursuant to Bankruptcy Rules 9014(c) and 9016, and 11 U.S.C. § 105(a), for a protective order quashing or limiting the Subpoena for Rule 2004 Examination ("Subpoena") [Doc. 78] issued upon Union Bank and Trust Company ("Union Bank") by the Official Committee of Unsecured Creditors (the "Committee") of Foundation Fitness LLC, et al. (the "Debtors").  In support thereof, James and Scott Liggett state as follows:

## INTRODUCTION

On July 23, 2024, the Committee issued the Subpoena upon Union Bank for production of documents related to the value of collateral pledged by non-debtors James and Scott Liggett to Union Bank as "security for any obligation owing by any one or more of the Debtors to Union Bank," including all appraisals, evaluations, assessments, and opinions of value and "all analysis and credit memos prepared by Union Bank regarding the value" of said collateral. [Doc. 78].

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Foundation Fitness, LLC (9615); Stages Cycling, LLC (7025); Stages Indoor Home Cycling, LLC (8058); Stages Indoor Cycling, LLC (5342); Stages Ride, LLC (6562); and Foundation Fitness Products, LLC (9615).

33985582.1

James and Scott Liggett personally guaranteed $32,000,000.00 owed to Union Bank (the "Bank Debt"). To secure the Guaranty, James and Scott Liggett pledged their own personal collateral. The Subpoena seeks documents regarding this collateral.

The scope of the Subpoena is inconsistent with the limiting language of Bankruptcy Rule 2004 as it does not direct itself to the property or affairs of the debtor or the debtor's estate. *See* Fed. R. Bankr. P. 2004. Rather, it impermissibly seeks discovery related to the financial assets of James and Scott Liggett, non-debtors and private individuals. As such, James and Scott Liggett seek entry of a protective order quashing the Subpoena to prevent intrusion upon their privacy interests.[2]

## **RELEVANT LAW**

While Rule 2004 affords considerable latitude to investigate the property or affairs of the debtor, it is not without limits. By the express language of Rule 2004, requests for examination are limited "only to the acts, conduct, or property or to the liabilities and financial condition of the *debtor,* or to any matter which may affect the administration of the *debtor's estate.*" Fed. R. Bankr. P. 2004(b) (emphasis added).

The party seeking to conduct a Rule 2004 examination has the burden of showing good cause for the examination. *In the Matter of Wilcher*, 56 B.R. 428, 434 (Bankr. N.D. Ill. 1985); *see also In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (1994), order amended, No. 1-91-10100, 1994 WL 731628 (Bankr. S.D. Ohio Aug. 2, 1994). To show "good cause" for a Rule 2004 examination, the requesting party must demonstrate "the relevance of and necessity of the information sought." *See In re Express One Int'l, Inc.*, 217 B.R. 215, 217 (Bankr. E.D. Tex 1998). A request for the production of documents will not be granted merely because it meets the

---

[2] Counsel for movants met and conferred with counsel for the Committee pursuant to Local Rule 7037-1 by zoom on August 1, 2024 and were unable to resolve this dispute after good-faith discussions.

33985582.1

relevance requirement. *Id.* The moving party must also show that the examination is necessary to establish a claim or that a denial of the request will cause undue hardship or injustice. *Id.* Upon a showing of good cause, courts must balance the competing interests between the relevance and necessity of the examination against the examinee's right to privacy. *Wilcher*, 56 B.R. at 434.

## ARGUMENT

The Committee cannot establish good cause for the requested discovery as the information sought is wholly irrelevant to the administration of the estate.[3] The Subpoena is not directed to the property or affairs of the Debtors or the Debtors' estate. Rather, it seeks discovery related to the financial assets of James and Scott Liggett, non-debtors and private individuals. As non-debtors, any collateral posted by James and Scott Liggett to secure the Guaranty is not an asset of the estate. *See* 11 U.S.C. § 541.

Because the Liggetts' personal assets have no bearing on the administration of the estate, the discovery sought is not only irrelevant, but also improper. *Wilcher*, 56 B.R. at 434. Such an inquiry goes beyond the express limiting language of Rule 2004. Indeed, "[i]t is clear that Rule 2004 may not be used as a device to launch into a wholesale investigation of a non-debtor's private business affairs." *Id.* Yet, that is precisely what the Subpoena seeks to do. Thus, even assuming

---

[3] The Committee may attempt to justify the discovery by a series of attenuated "ifs" that have yet to materialize: *if* the estate's assets do not cover all expenses, then there *could* be some effect on the administration of the estate or the property belonging to the Liggetts *could be* viewed as property that *arguably may be* available to the estate through the equitable doctrine of marshalling. Importantly, however, the marshalling doctrine is inapplicable here. There is no evidence to indicate any hint of misconduct by any party. *In re Laeupple*, 87 B.R. 74, 75 (Bankr. W.D. Mo. 1988). But, even if the doctrine applied, it is not yet invoked. And the value of the *Debtors'* collateral remains an open questions subject to a competitive bidding process. To allow discovery based on the Committee's attenuated, unsupported reasoning would permit the Committee to take discovery of the private affairs of every guarantor. Such a result, however, conflicts with the plain language of Rule 2004 and impermissibly impedes on the private business and financial affairs of non-parties. Rather, should such discovery ever become relevant (which it will not), "[t]he proper mode of discovery [regarding adversary proceedings]… is contained in the Federal Rules of Civil Procedure, which provide numerous procedural safeguards against unfairness to the party [here the Liggets] from which discovery is sought." *Wilcher*, 56 B.R. at 434.

3

33985582.1

*arguendo* that the Committee could establish the discovery is relevant and necessary (it cannot), the Subpoena must still be quashed because any purported value of the information is substantially outweighed by the intrusion into the private finances of Scott and James Liggett.

## CONCLUSION

For these reasons, James P. Liggett and Scott Liggett respectfully request that this Court enter a protective order quashing the Subpoena to Union Bank or, alternatively, narrow the Subpoena to exclude collateral pledged by James and Scott Liggett to Union Bank, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

Dated: August 2, 2024

By: /s/ Scott N. Opincar

Micah E. Marcus
McDonald Hopkins LLC
300 North LaSalle, Suite 1400
Chicago, IL 60654
Telephone: (312) 280-0111
mmarcus@mcdonaldhopkins.com

Scott N. Opincar
McDonald Hopkins LLC
600 Superior Avenue, E.
Suite 2100
Cleveland, Ohio 44114
Telephone: (216) 348-5753
sopincar@mcdonaldhopkins.com

33985582.1

## CERTIFICATE OF SERVICE

I, Scott N. Opincar, hereby certify that on August 2, 2024, a true and correct copy of the foregoing *Motion for Protective Order to Quash or Limit the Committee's Rule 2004 Subpoena to Union Bank and Trust Company* was served through the Court's CM/ECF system to all ECF participants registered in this case at the email address registered with the Court

/s/ Scott N. Opincar
Scott N. Opincar

33985582.1